UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LOURDES GONZALEZ,**

    **Plaintiff,**

v.     Case No.:

**SPITZER AUTOWORLD HOMESTEAD, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lourdes Gonzalez ("Plaintiff"), by and through undersigned counsel, herby sues Spitzer Autoworld Homestead, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and the ADAAA.

3. This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida.

6. Plaintiff worked for Defendant in Miami-Dade County, Florida.

7. Defendant is a Florida Profit Corporation.

8. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory and tortious actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

9. Plaintiff is considered an "employee" within the meaning of the FCRA, Title VII and the ADAAA.

10. Defendant is considered an "employer" within the meaning of the FCRA, Title VII and the ADAAA.

11. Plaintiff is "disabled" as defined by the ADAAA.

12. Defendant knew of Plaintiff's disability during her employment.

13. Plaintiff was a "qualified individual" as defined by the ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

14.     Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

15.     More than 180 days have passed since the filing of the dual-filed charge with the FCHR and EEOC.

16.     On February 22, 2022, the FCHR issued a Notice of Determination: Reasonable Cause.

17.     The Plaintiff subsequently requested the right to sue from the EEOC.

## STATEMENT OF FACTS

18.     Plaintiff is female.

19.     Plaintiff began her employment with the Defendant on or about June 22, 2020 as an office manager.

20.     During Plaintiff's employment with Defendant, the general manager of the store and Plaintiff's supervisor, Robert Prohias ("Mr. Prohias"), male, made unwanted sexual advances towards her.

21.     Plaintiff refused Mr. Prohias' unwanted sexual advances.

22.     These unwanted sexual advances came to ahead when, on or about September 22, 2020, Plaintiff was physically attacked by Mr. Prohias, after again refusing he unwanted sexual advances, wherein he grabbed Plaintiff's left arm pulling her towards him and him biting her right breast and grabbing her butt.

23.     Immediately after the attack, Plaintiff reported it to Human Resources Representative, Katrina (last name unknown), Human Resources Director Linda (last name unknown) and Finance Director Kelley Harrington.

24. No corrective action was taken and Plaintiff was forced to endure the hostile work environment.

25. Due to Defendant's inaction, Plaintiff filed a police report with the Miami-Dade Police Department on October 3, 2020.

26. Around this time, Plaintiff sustained fractures to her 2nd and 3rd metatarsals and a Lisfranc fracture.

27. These physical impairments substantially limited Plaintiff's ability to walk.

28. On or about November 4, 2020 Plaintiff requested a reasonable accommodation in the form of a brief two week leave.

29. On the day that Plaintiff requested leave, she was terminated.

30. Plaintiff has satisfied all conditions precedent, or they have been waived.

31. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination because of sex in violation of the FCRA

32. All allegations prior to Count I are reallaged and incorporated herein.

33. Plaintiff's supervisor harassed her because of her sex.

34. The harassment created a hostile work environment for Plaintiff.

35. As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Discrimination because of sex in violation of the FCRA

36. All allegations prior to Count I are reallaged and incorporated herein.

37. Plaintiff's supervisor made unwelcome sexual advances towards her.

38. Plaintiff's supervisor took an adverse tangible employment action against her by terminating her employment.

39. Plaintiff's rejection of the unwelcome sexual advances was a motivating factor that prompted her supervisor to take the adverse tangible employment action.

40. As a direct and proximate cause of the tangible employment action, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Retaliation in violation of the FCRA

41. All allegations prior to Count I are reallaged and incorporated herein.

42. Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and by filing a complaint with Human Resources.

43. Defendant then took an adverse employment action by terminating Plaintiff's employment.

44. Defendant took the adverse employment action because of Plaintiff's protected activity.

45. As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count IV – Discrimination because of sex in violation of Title VII

46. All allegations prior to Count I are reallaged and incorporated herein.

47. Plaintiff's supervisor harassed her because of her sex.

48. The harassment created a hostile work environment for Plaintiff.

49. As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count V – Discrimination because of sex in violation of Title VII

50. All allegations prior to Count I are reallaged and incorporated herein.

51. Plaintiff's supervisor made unwelcome sexual advances towards her.

52. Plaintiff's supervisor took an adverse tangible employment action against her by terminating her employment.

53. Plaintiff's rejection of the unwelcome sexual advances was a motivating factor that prompted her supervisor to take the adverse tangible employment action.

54. As a direct and proximate cause of the tangible employment action, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VI – Retaliation in violation of Title VII

55. All allegations prior to Count I are realleged and incorporated herein.

56. Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and by filing a complaint with Human Resources.

57. Defendant then took an adverse employment action by terminating Plaintiff's employment.

58. Defendant took the adverse employment action because of Plaintiff's protected activity.

59. As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VII – Discrimination in violation of the ADAAA

60. All allegations prior to Count I are realleged and incorporated herein.

61. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

62. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

63. Defendant terminated Plaintiff because of her disability.

64. Defendant's discharge of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

65. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VIII – Failure to accommodate in violation of the ADAAA

66. All allegations prior to Count I are reallaged and incorporated herein.

67. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

68. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

69. Plaintiff requested leave as an accommodation due to her own disability.

70. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

71. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count IX – Retaliation in violation of the ADAAA

72. All allegations prior to Count I are reallaged and incorporated herein.

73. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

74. Defendant retaliated against Plaintiff by terminating her employment.

75.     As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(a)     That process issue and that this Court take jurisdiction over the case;

(b)     Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 23rd day of May, 2022 by:

>   /s/ Jason B. Woodside
>   Jason B. Woodside, Esq.
>   FL Bar No. 104848
>   Woodside Law, P.A.
>   100 South Ashley Drive
>   Suite 600
>   Tampa, FL 33602
>   T: (813) 606-4872
>   F: (813) 333-9845
>   Email: Jason@woodsidelawpa.com
>   *Trial Counsel for Plaintiff*